ALFRED LEWIS

*v.*

REUBEN S. CRANMER et al.

An answer to a bill to enforce a vendor's lien for purchase-money set up that the complainant was not, when he made the conveyance, seized of the property, and was not the owner of part of it; and further, that it was understood that an account between one of the grantees and the complainant should be offset against so much of the purchase-money. On objection to those points of the answer, it was ordered that they be stricken out because the amount did not allege fraud or mistake, or that the deed contained covenants of title; nor that it was agreed that the specified claims should be a set-off.

Bill to enforce vendor's lien for purchase-money. On motion to strike out parts of the answer.

*Mr. I. W. Carmichael,* for complainant.

*Mr. J. C. Hendrickson,* for defendants.

THE CHANCELLOR.

The bill alleges that the complainant sold and conveyed to two of the defendants certain land in Ocean county, and that he has not received the whole of the purchase-money, and it prays that he may be decreed to have a lien on the property for so much of the purchase-money as remains unpaid. The answer denies the complainant's right to the lien on the ground that he was not, when he made the conveyance, seized of the property, and was not the owner of part of it—fifteen acres—and it claims an offset of a debt due one of the grantees from the complainant.

In a proper case a defendant sued for a vendor's lien may set up by his responsive answer, by way of defence, the fraud of his vendor in the sale, or their mutual mistake. *Dayton* v. *Melick, 12 C. E. Gr. 362; S. C., 7 Stew. Eq. 245, 249.* But neither fraud nor mistake is alleged here. Not only so, but it does not

even appear that the deed had any covenants whatever in it, express or implied; nor does it appear that it was not a mere deed of bargain and sale without covenants of any kind. As to the claim of offset, the answer alleges that " it was understood " that " an account " (it appears to be a bill of goods sold by one of the grantees to the grantor) existing between the complainant and the grantor should be an offset to so much of the purchase-money. It is not alleged that it was agreed that the claim should be an offset, nor by whom it was understood that it should be so. The parts of the answer objected to will be struck out, with costs of the motion.